RICKER, *petitioner for habeas corpus.*

A prosecution for unlawfully selling spirituous liquor may be by civil action, or by complaint in criminal form.

In case of a conviction of such offence, it is not necessary that the justice wait forty-eight hours to give opportunity of appeal. It may be made after commitment.

The penalty for a second offence belongs to the State. That the justice awarded one half of it to the prosecutor, furnishes to the offender no just ground of complaint.

Costs may be awarded, in addition to the penalty.

In a mittimus, it is not necessary to copy the complaint, or to state the proofs before the justice.

In April, 1849, Ricker was convicted of unlawfully selling spirituous liquor, and was sentenced to pay a fine.

In May, 1850, he was convicted before a justice of the peace, of a like offence, committed more than a year after the first, and was sentenced to pay a fine of $20, one half to the use of the town and the other half to the use of the prosecutor, together with costs, $14,92, and also to give a bond to the town as prescribed in the Act of 1846, c. 205, § 8. With this sentence he refused to comply, and was therefore, by a mittimus, in the form commonly used in criminal prosecutions, committed to jail upon the same day on which he was convicted. The petitioner presented no evidence, except a copy of the mittimus and of the officer's return thereon.

He now prays for a writ of *habeas corpus*, that he may be discharged from prison ; alleging, —

1. That the mittimus for his commitment was irregularly, improperly and illegally issued : —

2. That the conviction was improper : —

3. That he claimed an appeal from that conviction, and within 48 hours tendered surety to prosecute the same with effect, and that the justice refused to allow the appeal.

*Webster*, for petitioner.

1. The suit was merely a civil action. The process should have been, not by complaint and mittimus, but by writ and execution.

2. The conviction and the commitment were upon the same day, whereby the right of appeal was taken away.

3. The justice's adjudication was erroneous, in assigning half the penalty to the town and half to the prosecutor. The whole belonged to the State.

4. The justice exceeded his authority in imposing costs, in addition to the highest penalty he could inflict. For the penalty and cost, taken together, he could award no more than twenty dollars.

5. The first conviction was more than a year prior to the second.

6. It does not appear by the mittimus that the justice had jurisdiction; it does not show how the convictions were proved.

7. Nothing is to be presumed in favor of the jurisdiction of inferior tribunals.

TENNEY, J., orally. — 1. It has been settled that, in a case like this, the process may be by action or by complaint.

2. The law provides that, if the appeal be not made within 48 hours, it shall not be allowed. It does not prohibit a commitment within that time. The petitioner claimed no appeal, but if he had, how should he be disposed of during the 48 hours? He must be in custody somewhere. He may make his appeal after commitment.

3. It is true the penalty accrued to the State, but the error, as to the appropriation of it, did no injury to the petitioner.

4. The practice of imposing costs, in addition to the penalty, has ripened into a principle, now in legal force.

5. The limitation, to one year, of prosecutions for penalties,

is confined to cases where the penalty goes in whole or in part to the prosecutor. Such is not this case. One of the grounds, taken by the counsel, is, that it goes wholly to the State. R. S. c. 146, § 15.

6. It is not usual or necessary to insert, in a mittimus, a copy of the complaint, or to state the mode of proving the facts before the justice. The subject-matter was within the cognizance of the justice. *Petition dismissed.*